FILED
2019 SEP 18 AM 11:56
MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

STATE OF OHIO
IN THE COURT OF COMMON PLEAS OF LAKE COUNTY
CIVIL DIVISION

| | |
|---|---|
| ANTHONY DOMENIC REO<br>P.O. Box 5100<br>Mentor, OH 44061<br><br>Plaintiff,<br><br>v.<br><br>MARTIN LINDSTEDT<br>338 Rabbit Track Road<br>Granby, MO 64844<br><br>Defendant. | 19CV001531<br>PATRICK J. CONDON |

REO LAW LLC
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E) Reo@ReoLaw.org
*Attorney for Plaintiff Anthony Domenic Reo*

**PLAINTIFF'S COMPLAINT**
**(JURY DEMAND ENDORSED HEREON)**

ANTHONY DOMENIC REO (Plaintiff), alleges the following against MARTIN LINDSTEDT (Defendant):

### I. INTRODUCTION

Exhibit "A"

1. Plaintiff sues Defendant in the instant civil action for tortious conduct related to Defendant's campaign of cyber harassment and defamation per se against Plaintiff via the World Wide Web.

## II. PARTIES

2. Plaintiff is a natural person who resides in Mentor, Lake County, Ohio. For purposes of Plaintiff's causes of action against Defendant, Plaintiff is a non-public figure.

3. Defendant is a natural person of the State of Missouri who resides at 338 Rabbit Track Road, Granby, MO 64844.

## III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00). R.C. § 2305.01.

5. This Court enjoys personal jurisdiction over Defendant because Defendant caused tortious injury to Plaintiff in the State of Ohio by an act outside of the State of Ohio that was committed by Defendant with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. § 2307.382(A)(6); Civ.R. 4.3(A)(9); *Kauffman Racing Equip., L.L.C., v. Roberts,* 126 Ohio St.3d 81, (Ohio 2010) (holding that a non-commercial website intentionally used to defame an Ohio resident provides Ohio courts personal jurisdiction over foreign tortfeasor).

6. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

7. Defendant has a long history of libeling Plaintiff's son, Bryan Anthony Reo, as well as harassing, threatening, and menacing the Reo family. Defendant lost a jury trial in the consolidated

cases of 16CV000825 and 15CV001590 with a verdict being rendered in favor of Plaintiff's son on claims of defamation per se and false light on 6/26/2019 for libel that occurred throughout 2015 and 2016. The jury awarded Plaintiff's son $105,000.00 against Defendant Martin Lindstedt and $400.00 against his so-called church.

8. Defendant has since shifted focus to defame Plaintiff's daughter-in-law ("Stefani Rossi Reo") and Plaintiff ("Anthony Domenic Reo") who is the father of Bryan Anthony Reo.

9. On September 6, 2019, [9/6/2019] Defendant published on the worldwide web a statement that Plaintiff was having a homosexual incestuous relationship with Plaintiff's own son, which would also entail Plaintiff cheating against his own daughter-in-law by having illicit extra-marital sex with Plaintiff's own son.

10. See- http://www.whitenationalist.org/forum/showthread.php?2101-Ol-Niggerlips-v-Mrs-Niggerlips&p=20294#post20294

11. Defendant identified Plaintiff's son by name and provided sufficient information about Plaintiff such that Plaintiff could be reasonably identified from the context of the statement.

12. Incest is defined as a crime by Missouri Revised Statute 568.020 which provides that it is a Class D Felony if a person has sexual intercourse with an ancestor or descendant.

13. Plaintiff has never had sexual relations with his son.

14. Plaintiff has never had incestuous sex with any relative.

15. Plaintiff has never had homosexual sex with any man.

16. Plaintiff is a professional engineer whose reputation is very important.

17. An accusation of homosexual criminal extra-marital incest with one's own son is an accusation that causes an upright and well-regarded professional in a community to be called in

question and held in disrepute and subjected to ridicule and shame. Due to the nature of Defendant's vile remarks, Plaintiff's reputation is presumed damaged.

18. Defendant has caused injury to Plaintiff in excess of five hundred thousand dollars ($500,000.00).

## V. TRIAL BY JURY DEMANDED

19. Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.

## VI. CAUSES OF ACTION

### COUNT I
### COMMON LAW DEFAMATION

20. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

21. Defendant published false and defamatory statements about Plaintiff to third-parties via the medium of the World Wide Web.

22. Defendant's false and defamatory statements about Plaintiff were made by Defendant without privilege.

23. Defendant acted with at least negligence in making false and defamatory statements about Plaintiff.

24. Defendant failed to act reasonably in attempting to discovery the truth or falsity or defamatory character of Defendant's publication about Plaintiff.

25. Defendant's false and defamatory statements about Plaintiff are defamatory per se insofar as said statements reflect upon the character of Plaintiff by bringing him into ridicule, hatred, or contempt, and affects Plaintiff injuriously in his future trade or profession.

26. Defendant's false and defamatory statements about Plaintiff are defamatory per se to the extent that most of the statements in question are allegations or accusations of criminal conduct in violation of various sections in the Ohio Revised Code. Other allegations are defamatory per se to the extent that they are allegations of conduct that would constitute violations of the Rules of Professional Conduct.

27. Defendant committed against Plaintiff the common law tort of libel per se.

## COUNT II
## COMMON LAW INVASION OF PRIVACY – FALSE LIGHT

28. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

29. Defendant made false and derogatory statements about Plaintiff that Defendant publicized via the medium of the World Wide Web.

30. The false and derogatory statements made by Defendant about Plaintiff placed Plaintiff before the public in a false light.

31. The false and derogatory statements made by Defendant about Plaintiff are highly offensive to a reasonable person.

32. Defendant is at fault and knew or acted with recklessness as to the truth of the statements made by Defendant that concern Plaintiff.

33. As a direct and proximate result of Defendant's statements about Plaintiff, Plaintiff has been and will continue to suffer damages in the form of mental anguish and reputational injury.

34. Defendant committed against Plaintiff the tort of invasion of privacy – false light.

## COUNT III
## COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

36. By and through publishing false statements of fact about Plaintiff to third-parties via the medium of the World Wide Web, Lindstedt engaged in extreme and outrageous conduct.

37. Lindstedt acted with an intentional or reckless *scienter* when Lindstedt published false statements of fact about Plaintiff.

38. Due directly and proximately to Lindstedt publishing false statements of fact about Plaintiff, Plaintiff has suffered severe emotional distress in the form of vexation, irritation, anxiety, frustration, and hatred.

39. Lindstedt is liable to Plaintiff for common law intentional infliction of emotional distress.

## COUNT IV
## PERMANENT INJUNCTION

40. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

41. Some or all of the improper and unlawful conduct of Defendant is continuing and will continue in the future absent injunctive relief from the Court, and Plaintiff will continue to be damaged by the same.

42. In the absence of the entry of a permanent injunction by the Court, Plaintiff will suffer serious and irreparable harm and injury, including but not limited to damage to Plaintiff's reputation.

43. The entry of a permanent injunction will not unduly harm or burden Defendant because Defendant is required as a matter of law to refrain from tortiously harming Plaintiff's reputation via the World Wide Web.

44. Public policy favors the entry of a permanent injunction because such relief will prevent unlawful conduct and will preserve and protect Plaintiff's reputation from further injury.

45. Plaintiff has no adequate remedy available at law unless he is expected to continue to file civil actions against Defendant each and every time Defendant further defames Plaintiff.

46. Plaintiff is entitled to a permanent injunction in which Defendant is compelled to remove from the World Wide Web and not republish thereto any and all derogatory materials Defendant or Defendant's agents published there about Plaintiff.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will enter judgment against Defendant Martin Lindstedt in Plaintiff's favor in an amount of money that exceeds five hundred thousand dollars ($500,000.00) for general and special damages, award Plaintiff punitive damages against Defendant in an amount the Court deems just and proper, award Plaintiff all costs associated with maintaining the instant civil action, award Plaintiff all pretrial and post-trial interest on any and all monetary relief awarded to Plaintiff, award Plaintiff injunctive relief by ordering Defendant to remove from the World Wide Web and not republish thereto derogatory or invasive materials about Plaintiff that Defendant or Defendant's agents published about Plaintiff, and will award Plaintiff all other relief to which Plaintiff is entitled as a matter of law or equity.

Respectfully submitted,

/s/ Bryan Reo

Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Anthony Domenic Reo*

## JURY DEMAND ENDORSED HEREON

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.

**COMMON PLEAS COURT**
**LAKE COUNTY, OHIO**
Case Designation Form Loc. R II(C)(1)
For all cases except Foreclosure

Bryan Anthony Reo
vs
Martin Lindstedt

Case 19CV001531
PATRICK J. CONDON

Per LOC R. II (C)(3), refilling of cases previous ~~~~ must have a designation upon the face of the complaint that the action is being refiled. The word "REFILING" must appear in upper case letter under the word "COMPLAINT". Directly beneath the word "REFILING" the complaint shall identify the case number of this dismissed action. Former Case no. _____

**Case Categories (Mark one category only)**

**Administrative Appeal** (Specific ORC Sec.) Section _____
**Consumer Sales Practices:** Actions commenced under applicable section of ORC Chapters: 109, 1315, 1317, 1321, 1322, 1333, 1334, 1345, 1349, 3953, 4505, 4549, 4710, 4712, 4719, 4775, 4905 or 5311
____ Contract or Quasi Contract
____ Criminal
____ Declaratory Judgment
*See Foreclosure Case Designation Form*
____ Foreign Judgment
____ Malpractice (specify) _____
____ Credit Card (CI)
____ Personal Injury
____ Product Liability
____ Professional Tort
____ Provisional Remedy (Replevin, Attachment, Garnishment)
____ Workers Compensation
 X  Other Tort  libel per se
____ Other Civil _____

FILED 2019 SEP 18 AM 11:58 MAUREEN G. KELLY LAKE CO. CLERK OF COURT

The designation "money only" may not be used if one of the above specific categories is applicable. Further, the caption shall note any statutory provision that is unique to the particulate cause and controls the time within which the case is to proceed, once filed. (EX. Miscellaneous — Contest of Election (ORC Section 3515.10 – Hearing within 30 days.)

Revised Code Section unique to this particular cause which controls the time within which the case is to proceed: _____

Bryan Reo _____ Signature
Bryan Reo 0097470 _____ Printed name & Registration No.
Reo Law LLC _____ Firm name
P.O. Box 5100 Mentor, Ohio 44061 Address
440-313-5893 _____ Phone number

revised 9/27/13 nr

FILED
2019 OCT 21 PM 2:47
MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

**STATE OF OHIO**
**IN THE COURT OF COMMON PLEAS OF LAKE COUNTY**
**CIVIL DIVISION**

ANTHONY DOMENIC REO,

    Plaintiff,

v.

MARTIN LINDSTEDT,

    Defendant.

Case No. 19CV001531

Hon. Patrick J. Condon

---

**REO LAW LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Pro Se Plaintiff & Attorney*

**MARTIN LINDSTEDT**
338 Rabbit Track Road
Granby, MO 64844
(P): (417) 472-6901
(E): pastorlindstedt@gmail.com
*Pro se Defendant*

/

## DEFENDANTS' ACKNOWLEDGE SERVICE VIA REGULAR MAIL

COMES NOW the current Defendant Pastor Martin Lindstedt acknowledges that he received via US Mail this bogus, fraudulent and vexatious civil complaint & summons of the above-mentioned case of Bryan Reo's father, Anthony Domenic Reo through deceit sponsored by his son, Attorney Bryan Reo trying to steal Lindstedt's inheritance in South Dakota on 17 Oct 2019 via abuse of legal process & has 28 days to answer/counter-complaint to them and possibly to remove the case to the federal district court.

Hail Victory!!!

*Exhibit "B"*

1

*[signature]* Pastor CJCC/A-N.P

Pastor Martin Lindstedt, Defendant

338 Rabbit Track Road, Granby Missouri 64844 (Tel #) 417-472-6901

(pastorlindstedt@gmail.com)

# Certificate of Service

I, Pastor Martin Lindstedt do hereby certify that a true and genuine copy of the foregoing has been dispatched by United States mail on Oct 18 2019 to Plaintiff *Anthony Dominic Reo v. Lindstedt* 19CV001531 at:

Attorney Bryan Reo
Anthony Domenic Reo
7143 Rippling Brook Lane
P.O. Box 5100
Mentor Ohio 44061

2