## THE UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Anthony Domenic Reo, | ) | CASE NO.: 1:19CV2615 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Martin Lindstedt, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

On March 3, 2021, the Magistrate Judge in this matter issued her Report and Recommendation ("R&R"). Doc. 37. The R&R recommended granting partial summary judgment in favor of Plaintiff Anthony Domenic Reo while leaving open the issue of his damages. Both parties have filed objections to the R&R. The Court now resolves those objections through its *de novo* review.

Initially, the Court notes that neither party has objected to the factual conclusions reached by the R&R. Accordingly, those factual conclusions are adopted in whole herein. Moreover, while Defendant Martin Lindstedt has filed what he styles objections, his filing highlights no alleged factual or legal error. Instead, he has utilized his objections to once again spew hate-filled statements directed at both the plaintiff and the magistrate

judge.  As his objections contain no proper argument, they leave nothing for the Court to analyze.

Plaintiff Reo, on the other hand, raises a specific objection to allowing Defendant Lindstedt to withdraw his admissions with respect to damages.  A colleague on this Court was recently faced with this precise argument involving these very same parties.  In resolving the issue on objections to an R&R, the colleague noted:

> The Court does not believe that Rule 36 or subsequent caselaw interpreting the same allows the Court to pick and choose which admissions will be withdrawn and which will be enforced when Defendant has not moved to withdraw any admissions. Because Defendant has not requested that only certain admissions be withdrawn, the Court must either withdraw all his admissions or none of them. The plain language of Rule 36 requires the withdrawal be "on motion" and, as the Magistrate Judge correctly determined, the Court may not withdraw admissions sua sponte. Defendant's filings make clear he wants all his admissions withdrawn but he has never formally moved to do so and has never submitted his responses to the Requests.

Case No. 1:19CV2589, Doc. 92 at 11.  The Court also recited Defendant Lindstedt's lengthy litigation history to provide a foundation for determining that he was well aware of the risks and consequences related to failing to respond to admissions.  The Court then concluded:

> However, the fact that Defendant failed to provide evidence during discovery and has issued many threatening responses in his Court filings is particularly troubling to the Court and has clearly prejudiced Plaintiff's ability to marshal evidence in his case.

> Based upon Defendant's continued scandalous, scurrilous and vitriol-laced filings, the Court will not show him the leniency usually afforded pro se litigants. Holding him to the standards of practice required of counsel, the Court will not tolerate Defendant's language in his filings and his misuse of the judicial process. Nor will the Court search the record to find that any of his filings constitute a request to withdraw the admissions.

> By Rule, the admissions are deemed admitted and these admissions conclusively support Plaintiff's claims for Defamation and False Light as found by the Magistrate Judge.

*Id.* at 13.

This Court agrees with the logic espoused in the related case discussed above. Defendant Lindstedt has continued, despite a warning from the Magistrate Judge, to file his hate-filled, vitriol-laced briefs that contain no legal or factual arguments. Instead, they serve no purpose other than to harass those he chooses to address within them. Accordingly, the Court finds no basis to allow for the withdrawal of the admissions.

The conclusion of the R&R with respect to damages, therefore, is REJECTED. As the admissions conclusively establish all of the elements of Counts I and II, Plaintiff Reo is entitled to judgment on those claims including $250,000 in general damages and $250,000 in special damages.[1] Moreover, a permanent injunction shall issue to prevent Defendant Lindstedt's continued defamation of Plaintiff.

Plaintiff Reo shall file a proposed judgment entry reflecting this Court's conclusions as well as those adopted from the R&R herein.

In closing, the Court notes that despite warnings, Defendant Lindstedt has not only continued to use improper language in his filings, but he has now expanded that commentary and directed it at the Magistrate Judge. Within his objections, Defendant Lindstedt includes: "This magistrate judge's Talmudic rationalizations & monkey-talk regarding…" This Court will not tolerate such hateful and bigoted comments to be directed at a colleague on this bench. Defendant Martin Lindstedt is hereby ORDERED TO SHOW CAUSE why he should not be held in contempt of Court for continuing to

---

[1] The R&R recommended denying summary judgment on Count III of the complaint, intention infliction of emotional distress. Plaintiff Reo has not objected to this conclusion. Accordingly, absent dismissal by Plaintiff, this claim remains outstanding.

include such commentary in his filings despite express admonitions by the Court. Defendant Lindstedt shall file his show cause response by no later than May 12, 2021.

Based upon the above, the R&R is ADOPTED IN PART AND REJECTED IN PART.  The R&R's factual recitation and legal findings with respect to all aspects of this matter other than damages are hereby ADOPTED.  The R&R's conclusion with respect to damages is hereby REJECTED, and the Court finds that Defendant Lindstedt has admitted to the damages in this matter.   Accordingly, Plaintiff Reo's motion for summary judgment (Doc. 18) is GRANTED IN PART AND DENIED IN PART as detailed herein.  Defendant Lindstedt's counter motion for summary judgment (Doc. 19) is DENIED.  Plaintiff Reo's motions for a scheduling hearing are DENIED AS MOOT. Docs. 21 and 31.  Finally, based upon the Court's independent order to show, Plaintiff's motion to show cause (Doc. 34) is DENIED AS MOOT.

IT IS SO ORDERED.

April 16, 2021                          */s/ Judge John R. Adams*
                                        JUDGE JOHN R. ADAMS
                                        UNITED STATES DISTRICT COURT