# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ANTHONY DOMENIC REO,** | Case No. 1:19-cv-02615-JRA |
| Plaintiff, | Hon. John R. Adams |
| v. | Mag. Carmen E. Henderson |
| **MARTIN LINDSTEDT.,** | |
| Defendant. | |

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (440) 313-5893
(E): reo@reolaw.org
*Attorney for Anthony Domenic Reo*

**MARTIN LINDSTEDT**
338 Rabbit Track Road
Granby, MO 64844
(T): (417) 472-6901
(E): pastorlindstedt@gmail.com
*Pro se Defendant*

## PLAINTIFF ANTHONY DOMENIC REO'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE APPEAL

NOW COMES Anthony Domenic Reo ("Plaintiff"), *by and through the undersigned attorney*, and hereby propounds upon Martin Lindstedt ("Defendant") and this Honorable Court Plaintiff Anthony Domenic Reo's Opposition to Defendant's Motion for Extension of Time to File Appeal.

1. This Court issued an opinion and order granting summary judgment to Plaintiff on 4/18/2021. (ECF No. 43).

2. Defendant filed an outrageously abusive document which he captioned a motion for reconsideration and to alter or amend the previously referenced judgment, on 5/12/2021 (ECF No. 46).

3. Defendant's outrageous document was ordered stricken from the record, thus being treated as a nullity, on 5/26/2021 (ECF No. 49).

4. Defendant had 30 days within which to file a notice of appeal, with the time beginning to run on 4/18/2021. If Defendant's motion for reconsideration was stricken as a nullity and was ineffective at tolling time then Defendant's deadline to file a notice of appeal was 5/18/2021. If however the motion for reconsideration was effective at tolling time, Defendant had 6 days left within which to file a notice of appeal at the time when the motion for reconsideration was stricken and the clock resumed on 5/26/2021. This would have made his notice of appeal due on 6/1/2021.

5. Fed. R. App. P. 4(a)(4)(A) provides that a motion filed per Fed. Civ. R. P. (59) filed within the time allowed by the rules, stops the time to file a notice of appeal until the entry of an order disposing of said motion. Fed. R. App. P. 4(a)(4)(A)(iv) and Fed. R. App. P. 4(a)(4)(A)(vi). Defendant sought relief under Fed. Civ. R. P. 59 and Fed. Civ. R. P. 60, and an order was entered on 5/26/2021 which disposed of his combined motion.

6. Defendant was seeking relief from an opinion and order which had been issued but not yet memorialized in the form of a formal judgment. He chose to file a premature motion for relief under Rules 59 and 60, which had the effect of tolling time within which to file an appeal. His motion for relief under Rules 59 and 60 was stricken as a nullity, for procedural purposes said motion did not exist and does not now exist.

7. Fed. R. App. P. 4(a)(4)(B) references a notice of appeal being filed after the court announces judgment, but before it disposes of a motion for relief per Rule 59 or Rule 60, and the notice of appeal becoming effective when the order disposing of the motion is issued. In this instance Mr. Lindstedt did not file a premature [yet effective] notice of appeal. Mr. Lindstedt filed a flagrantly abusive and deficient motion under Rules 59 and 60, a motion which was stricken, and

2

then he either had no time remaining within which to file a timely notice of appeal [if said motion was stricken as a nullity and never existed] or he had 6 days remaining from the date of the order striking his motion and he simply squandered those days with dilatory behavior that is par for the course and to be expected from him given his behavior in the case to date.

8. Regardless of how time is counted and regardless of whether the motion for reconsideration is treated as a nullity and thus ineffective at tolling time, or whether it still tolled time despite having ultimately been stricken, Defendant's time to file a notice of appeal as a matter of right has long since lapsed. The notice was either due on or by 5/18/2021 or on or by 6/1/2021.

9. Fed. R. App. P. 24(a) provides the requirements for a party that seeks to proceed in forma pauperis in an appeal. Defendant Lindstedt has completely failed to even attempt to comply with those requirements.

10. Defendant has also failed to attach an affidavit demonstrating he is actually indigent. Indeed, Defendant cannot demonstrate he is indigent because on or about October 2019 he conveyed all of his South Dakota real property, approximately 1800 acres of agricultural land, to a biological sibling [his sister] in consideration for $1 [one dollar]. However, Defendant Lindstedt was given approximately $40,000.00 [forty-thousand dollars] in 2020 in the form of the rental income from the leasing of said land to cattle grazers. By no means is Mr. Lindstedt indigent and a party cannot avail himself of the considerations afforded the genuinely indigent if he deliberately renders himself indigent in an attempt to delay, hinder, or defraud judgment creditors.

11. Defendant Lindstedt is still the legal owner of record of, or holds interests in, real property including a residence/house [primary residence] within the city limits of Granby, Missouri, approximately 18 acres of agricultural real property that Defendant describes as a "farm" located outside of the city limits of Granby, Missouri, another residence/house with a small acreage located

within the city limits of Granby, Missouri, approximately 6 acres and a building located outside of the city limits of Granby, Missouri. In short, Mr. Lindstedt is the legal owner of record of at least 3 parcels of real property separate and distinct from his primary residence. He is by no means indigent.

12. If Mr. Lindstedt genuinely has cash flow problems, then he is free to sell his 18 acre farm in Granby Missouri. He is certainly not entitled to be allowed to proceed on an appeal in forma pauperis based on his statement [without a supporting affidavit] that he is indigent, especially in light of the fact that he has fairly significant assets in the form of various parcels of real property, which demonstrate he is not truly indigent. Defendant is likely aware of the fact that he is not actually indigent, hence his declination/failure to provide an affidavit with a schedule of assets.

13. Defendant has failed to articulate a [meritorious] issue for review on appeal while also failing to demonstrate an entitlement to relief.

14. Any appeal undertaken by Defendant will be frivolous. No appeal could be taken in good faith and the Court should not only deny Defendant's [defective and woefully inadequate] application for leave to proceed in forma pauperis, the Court should certify that per Fed. R. App. P. 24(a)(4)(b) that an appeal could not be taken in good faith.

WHEREFORE, Plaintiff prays that this Honorable Court will deny Defendant's motion in its entirety, decline to give Defendant an extension, reject Defendant's attempt to file an appeal in forma pauperis, and instead certify that an appeal could not be taken in good faith. The most prudent and expeditious course of action is certainly to deny Defendant any of the relief he seeks, make him come up with his own money to finance his appeal, and if Defendant wants to pay for the opportunity of subjecting the 6th Circuit to his written abuse, then he should be forced to come

up with the money for the filing of the appeal. He should not be afforded that opportunity for free at tax-payer expense.

                                                Respectfully submitted,

                                                **REO LAW, LLC**

                                                /s/ Bryan A. Reo
                                                Bryan A. Reo, Esq.
                                                P.O. Box 5100
                                                Mentor, OH 44061
                                                (Business):  (216) 505-0811
                                                (Mobile):  (440) 313-5893
                                                (Email):  reo@reolaw.org
                                                Ohio Law License - #0097470
                                                *Attorney for Plaintiff Anthony Domenic Reo*

Dated:  June 28, 2021

**CERTIFICATE OF SERVICE**

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on June 28, 2021, I served a true and accurate copy the foregoing document upon Martin Lindstedt, 338 Rabbit Track Road, Granby, MO 64844, by placing the same in a First Class postage-prepaid, properly addressed, and sealed envelope and in the United States Mail located in City of Mentor, Lake County, State of Ohio.

I have also electronically filed the foregoing document which should serve notice of the filing of the same upon each party who has appeared through counsel, via the court's electronic filing notification system.

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(Email):  reo@reolaw.org
Ohio Law License - #0097470
*Attorney for Plaintiff Anthony Domenic Reo*

Dated:  June 28, 2021